UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA<br><br>Plaintiff,<br><br>-against-<br><br>ERIE INSURANCE COMPANY,<br><br>Defendant. | Case No. 5:25-cv-389 (FJS/MJK)<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, The Travelers Indemnity Company of America ("Travelers"), by and through its undersigned counsel, as and for its Complaint for Declaratory Relief against Defendant, Erie Insurance Company ("Erie"), alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. Travelers is providing a defense to BL-Watertown LLC ("BL") and Brookline Development Co., LLC ("Brookline") in an action entitled *Clarence Bean v. BL Watertown LLC and Brookline Development Co, LLC* in the Supreme Court of the State of New York, Jefferson County, Index number EF2022-00002068 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Erie is obligated to defend and indemnify BL and Brookline in the Underlying Action as additional insureds under the policy of liability insurance issued by Erie to Meeks Trucking and Plowing ("Meeks"), on a primary, non-contributory basis, without a reservation of rights, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of BL and Brookline in the Underlying Action.

1

## THE PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, and at all times relevant hereto, Erie is a Pennsylvania corporation with its principal place of business in Erie, Pennsylvania.

5. Based upon the foregoing information, Travelers is a corporate citizen of the State of Connecticut, while Erie is a corporate citizen of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. In the Underlying Action, Clarence Bean ("Claimant") seeks recovery for alleged personal injuries sustained in an accident that took place on December 3, 2019 in Watertown, New York. The purported value of the Underlying Action exceeds $75,000.00.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

9. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Erie.

10. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

11. Erie issued a general liability insurance policy to Meeks bearing policy number Q41 7350085 for the policy period May 23, 2019 to May 23, 2020 (the "Erie Policy").

12. Subject to certain terms, conditions, and exclusions, the Erie Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. The Erie Policy identifies BL and Brookline as additional insureds and further states that the additional insured coverage provided to BL and Brookline under the Erie Policy applies on a primary and non-contributory basis.

14. Travelers issued a general liability insurance policy to BL and Brookline bearing policy number YH630-7K687388 for the policy period April 3, 2019 to April 3, 2020 (the "Travelers Policy").

15. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

16. The Travelers Policy contains an excess "other insurance" provision which provides that coverage under the Travelers Policy is excess over any other insurance available to an insured when the insured has been added as an "additional insured" on another policy.

## BACKGROUND FACTS

17. In the Underlying Action, Claimant alleges he was injured when he slipped and fell on a snow and ice condition in the parking lot of the Family Dollar store (part of Seaway Plaza) located at 22050 U.S. Route 11 in Watertown, New York ("the Premises").

18. Snow removal operations at the Premises were subject to a 2018 snow/ice removal contract between BL and Meeks ("Agreement").

19. Exhibit A of the Agreement requires Meeks to clear snow/ice from the Premises' parking lot "upon any and all occasions when the snow accumulation equals or exceeds two (2) or more inches or when requested by the designated spokesperson for the Owner."

20. Under the terms of the Agreement, Meeks (identified as "Contractor") agreed to secure a comprehensive general liability policy naming BL (identified as "Owner") as an additional insured.

21. The Agreement also contains the following provision:

> Contractor, Owner and all other parties required of the Contractor, shall be included as additional insureds. Coverage for the additional insureds shall apply as Primary and Non-Contributing insurance before any other insurance or self-insurance, include any deductible, maintained by, or provided to, the additional insureds.

22. A representative of Meeks testified during his deposition in the Underlying Action that he was aware of a depression in the Premises' parking lot where Claimant fell on December 3, 2019 and never reported this potentially dangerous condition to BL or Brookline.

23. The Erie Policy contains the following endorsement:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS-SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTY COVERAGE PART

    A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

        1. Your acts or omissions; or

  2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above….

 B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

The insurance does not apply to "bodily injury" or "property damage" occurring after:

\*\*\*

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

24. The Erie Policy also contains the following endorsement:

**ULTRAFLEX EXTRA LIABILITY COVERAGES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**J. Primary and Non-Contributory Insurance**

The following is added to Paragraph **4. – Other Insurance** of **Section IV-Conditions**:

Where required by a written contract or agreement, this insurance is primary and non-contributory as respects any other insurance policy issued to the additional insured, and such other insurance policy shall be excess or non-contributing, whichever applies, with this insurance.

25. Based upon the terms and the condition of the Agreement and the Erie Policy, BL and Brookline are entitled to primary, non-contributory additional insured coverage under the Erie Policy with respect to the Underlying Action.

**TENDERS TO ERIE**

26. By correspondence dated April 24, 2020, October 13, 2021, August 4, 2022 and May 30, 2024, Travelers tendered the defense and indemnity of BL and Brookline to Erie.

27. In its November 21, 2024 correspondence denying Travelers' tender demand on behalf of BL and Brookline, Erie stated as follows:

> We are denying the additional insured tender for BL-Watertown LLC as they are not an additional insured on our policy. We are also denying your additional insured tender for Brookline Development Company. Although Brookline Development Company is listed as an additional insured on our policy, there is no evidence that this loss arose out of the acts or omissions of our insureds ongoing operations to trigger the endorsement. Our insured does not have a duty to monitor the conditions of the premise and had salted the morning of the loss. There was no weather event to trigger the contract between the salting and the loss.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

28. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "27" above as if fully set forth herein.

29. BL and Brookline qualify as additional insureds under the Erie Policy.

30. The coverages provided to BL and Brookline under the Erie Policy are primary to, and non-contributory with, any coverage provided to BL and Brookline by the Travelers Policy.

31. Accordingly, Travelers seeks a declaration that Erie has an obligation to defend and indemnify BL and Brookline as additional insureds under the Erie Policy without reservation of rights; that the coverages provided by the Erie Policy to BL and Brookline are primary; and that the obligations of Travelers to BL and Brookline in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Erie Policy.

32. In addition, Travelers seeks an award at law and in equity against Erie for recovery of all sums Travelers has paid and continues to pay in the defense of BL and Brookline in the

Underlying Action because the coverages provided by the Erie Policy are primary to any coverage provided by Travelers.

## PRAYER FOR DECLARATORY RELIEF

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Erie Policy was in full force and effect on the date of injury alleged by Claimant in the Underlying Action.

2. Declaring that all terms and conditions of the Erie Policy have been met.

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded by the Erie Policy;

4. Declaring that BL and Brookline are additional insureds under the Erie Policy to which Erie owes coverage with respect to the Underlying Action;

5. Declaring that Erie has a duty to defend BL and Brookline in the Underlying Action up to and including the respective policy limits of the Erie Policy without a reservation of rights;

6. Declaring that Erie owes a duty to indemnify BL and Brookline in connection with the Underlying Action without a reservation of rights;

7. Declaring that Erie's coverage obligations to BL and Brookline with respect to the Underlying Action are primary;

8. Declaring that the obligations of Travelers to BL and Brookline with respect to the Underlying Action are excess to any obligations of Erie;

9. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Erie with respect to Erie's duty to defend and indemnify BL and Brookline without a reservation of rights in connection with the Underlying Action;

10. Awarding judgment against Erie in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against BL and Brookline in the Underlying Action;

11. Granting an award in favor of Travelers for the costs of suit incurred herein;

12. Granting Travelers a compulsory order/injunctive relief requiring Erie to assume and pay for BL and Brookline's defense in the Underlying Action, with this order deemed enforceable by future contempt motions; and

13. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 27, 2025

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**

By: ___/s/Michael E. Buckley_____
    Michael E. Buckley
    Attorneys for Plaintiff
    The Travelers Indemnity Company of America
    Main: 917.778.6680
    Fax: 844.571-3789
    Email: mbuckle4@travelers.com

    Please address all correspondence sent by mail to:
    P.O. Box 2996
    Hartford, CT 06104-2996

    Physical Address:
    485 Lexington Avenue, 6th Floor
    New York, NY 10017